UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CONNIE J. PERRY,

    Plaintiff,

v.

SSI DISABILITY,

    Defendant.

Civil No. 07-4925 (PAM/JSM)

**REPORT AND RECOMMENDATION**

Plaintiff commenced this action on December 21, 2007, by filing a self-styled Complaint, and an Application seeking leave to proceed in forma pauperis, ("IFP") (Docket Nos. 1 and 2) . This Court examined plaintiff's initial submissions and determined that her Complaint was deficient, because she had failed to sign it, as required by Fed. R. Civ. P. 11(a). Therefore, in an Order dated January 3, 2008, (Docket No. 4), the Court informed plaintiff that her IFP Application would "not be granted at this time." That Order gave plaintiff an opportunity to file an Amended Complaint bearing her original signature. The Order also encouraged plaintiff to present her claims more clearly and completely. Plaintiff was advised that if she did not file an Amended Complaint within twenty (20) days, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Plaintiff later asked for some additional time to file an Amended Complaint, and that request was granted by the Court's Order of January 25, 2008 (Docket No. 5). That Order indicated that this action would be dismissed if plaintiff did not file an Amended Complaint by the extended deadline of March 3, 2008.

On March 4, 2008, (the day <u>after</u> the extended deadline for repleading), plaintiff filed a new document that apparently was intended to be an Amended Complaint (Docket No. 6). That document, however, lacked most of the basic elements of a pleading, and the Court found that, even with the benefit of liberal construction, it could not be treated as an Amended Complaint. Therefore, another Order was entered on March 17, 2008, (Docket No. 7), which gave plaintiff "one final opportunity to file an amended complaint that complies with the basic pleading requirements prescribed by Fed. R. Civ. P. 8-11." That Order extended the deadline for repleading, (once again), and clearly informed plaintiff that if she did not file a viable Amended Complaint by April 11, 2008, the Court would recommend that this action be summarily dismissed without prejudice for failure to prosecute.

The second extended deadline for filing an Amended Complaint expired more than four weeks ago, and plaintiff still has not filed any new pleading in this case. Instead, on May 1, 2008, plaintiff wrote a letter to the Court "asking for a[t] least 60 more days to get myself an Attony [sic]," presumably meaning that she wants another 60-day (or more) extension of the deadline for amending the complaint. However, plaintiff has offered no explanation for her inability to file a viable amended complaint during the four months that have passed since she was first ordered to amend, and she has offered no reason to believe that she would file a viable amended complaint if she were afforded 60 more days to do so. Therefore, the Court will now recommend, in accordance with the <u>three</u> prior orders that have been entered in this matter, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). <u>See</u> <u>Henderson v. Renaissance Grand Hotel</u>, No. 07-1426, (8th Cir. 2008), 2008 WL 540172, (unpublished opinion) at *1 ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to

2

comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application To Proceed In Forma Pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   May 19, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 9, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.